# IN THE UNITED STATES BANKRUPTCY COURT
# FOR THE EASTERN DISTRICT OF VIRGINIA
# RICHMOND DIVISION

| | |
|---|---|
| In re: ) | |
| ) | Chapter 11 |
| Morris \| Schneider \| Wittstadt Va., PLLC, a ) | |
| Virginia professional limited liability ) | Case No. 15-33370-KLP |
| company, et al., ) | |
| ) | (Joint Administration Pending) |
| Debtors.[1] ) | |
| ) | |
| ) | |
| Morris \| Schneider \| Wittstadt, LLC, ) | |
| ) | |
| Plaintiff, ) | |
| ) | |
| v. ) | Adv. Proc. No. 15-_____ |
| ) | |
| James A. Pritchard, III, Nathan Hardwick, IV, ) | |
| Roy Adams, Alliance of Financial Professionals, ) | |
| LLC, and Divot Holdings, LLC, ) | |
| ) | |
| Defendants. ) | |
| ) | |

## VERIFIED COMPLAINT FOR PRELIMINARY AND FINAL INJUNCTIONS

Plaintiff, Morris | Schneider | Wittstadt, LLC (the "MSW"), by and through its undersigned counsel, brings this Verified Complaint against James A. Pritchard, III, Nathan

---

[1] The Debtors in these cases, along with the last four digits of each Debtor's federal tax identification number, are: Morris | Schneider | Wittstadt Va., PLLC (1651), Morris | Schneider | Wittstadt, PLLC (1589), Wittstadt Title & Escrow Company, L.L.C. (3831), Morris | Schneider | Wittstadt, LLC (1589), MSWLAW, Inc. (6994), Teays Valley Trustees, LLC (9830), and York Trustee Services, LLC (8058).

| | |
|---|---|
| Augustus C. Epps, Jr., Esquire (VSB No. 13254) | Jeffrey R. Waxman, Esquire (*admitted pro hac vice*) |
| Jennifer M. McLemore, Esquire (VSB No. 47164) | Eric J. Monzo, Esquire (*admitted pro hac vice*) |
| Margaret X. Yang, Esquire (VSB No. 88596) | MORRIS JAMES LLP |
| CHRISTIAN & BARTON, LLP | 500 Delaware Avenue, Suite 1500 |
| 909 East Main Street, Suite 1200 | Wilmington, Delaware 19801 |
| Richmond, Virginia 23219-3095 | Telephone: (302) 888-6800 |
| Telephone: (804) 697-4100 | Facsimile: (302) 571-1750 |
| Facsimile: (804) 697-6112 | |

*Counsel to Debtors and Debtors-in-Possession*

Hardwick, IV, Roy Adams, Alliance of Financial Professionals, LLC, and Divot Holdings, LLC, (collectively, the "Defendants") seeking preliminary and final injunctions.

## PARTIES

1. James A. Pritchard, III is an individual with a residential address of 415 Parson Circle, Maysville, Georgia 30058.

2. Nathan Hardwick, IV, is an individual with a residential address of 88 West Paces Ferry Road, #1820, Atlanta, Georgia 30305.

3. Roy Adams is an individual with a service address of 11400 Atlantis Place, Suite 100, Alpharetta, Georgia 30022.

4. Alliance of Financial Professionals, LLC is a Limited Liability Company, with its principal place of business at 11400 Atlantis Place, Suite 100, Alpharetta, Georgia 30022.

5. Divot Holdings, LLC is a Limited Liability Company with its principal place of business of 88 West Paces Ferry Road #1820, Atlanta, Georgia 30326.

## JURISDICTION AND VENUE

6. This Court has jurisdiction over this matter pursuant to 28 U.S.C. §§ 157 and 1334(b).

7. Venue is this district is proper pursuant to 28 U.S.C. §§ 1408 and 1409.

## PRELIMINARY STATEMENT

**A.     The Pritchard Litigation**

1. As noted in the Wittstadt Declaration, attached to the Emergency Motion of the Debtors and Debtors-in-Possession Pursuant to Sections 105(A), 362, and 541(A) of the Bankruptcy Code for Entry of an Order Staying All Actions in the Case of Pritchard v. Morris | Schneider | Wittstadt Va., PLLC filed July 10, 2015 in bankruptcy case no. 15-33370 (a copy is

attached hereto as Exhibit A) Nathan Hardwick, IV ("Mr. Hardwick"), then a manager of MSW and the majority shareholder of MSWLAW, Inc.,[2] directly or indirectly caused that the firm to "over disburse" to Mr. Hardwick more than $20,000,000 from the firm's escrow accounts for his personal use (including payments remitted directly to casinos and on account of private jets for the personal use of Mr. Hardwick, his girlfriend and family).

2.      In late-July and early-August of 2014, it came to light that there was an issue with respect to certain financials of the firm's bank accounts. Mr. Hardwick represented that the amounts of his "over disbursements" did not exceed $6.5 mil., and he pledged that he would personally return the money to the firm. Notwithstanding the express direction that Mr. Hardwick was not authorized to borrow the money necessary to repay the "over disbursement" by pledging firm assets, Mr. Hardwick did just that. On August 4, 2014, Mr. Hardwick, through his personal company, Divot Holdings, LLC ("Divot Holdings"), borrowed $2 mil. from James Pritchard ("Mr. Pritchard") at a rate of 15%. Further, Mr. Hardwick allegedly caused MSW to guarantee the Pritchard loan.

3.      As a result of Mr. Hardwick's allegedly causing MSW to guarantee the loan from Mr. Pritchard, Mr. Pritchard commenced the Pritchard Litigation in the Fulton County Superior Court. On November 10, 2014, MSW filed a cross-claim against Mr. Hardwick and Divot asserting claims for contribution and indemnity and attorneys' fees and litigation expense for their role with the loan transaction with the unauthorized guaranty allegedly given to Mr. Pritchard (the "Cross Claims"). Copies of the Cross-Claims are attached hereto as Exhibit B.

4.      On March 4, 2015, MSW filed a third party complaint (the "Third Party Complaint") in the Pritchard Litigation against Roy Anthony Adams ("Mr. Adams") and the

---

[2] MSWLAW, Inc., one of the Debtors, is the sole member of MSW.

3

Alliance of Financial Professionals, LLC (the "Alliance," and together with Mr. Adams, the "Third Party Defendants") alleging, among other things, that Mr. Adams was an outside accountant at Alliance that was engaged by MSW to act on its behalf in connection with the investigation of escrow account shortages. At the same time, Mr. Adams was acting on behalf of Mr. Hardwick, Divot Holdings, and Mr. Pritchard to MSW's detriment. Further, in the Third Party Complaint, MSW alleged that Mr. Adams engineered and enabled the loan transaction while knowing that Mr. Hardwick had no authority to provide a guaranty of such obligations by MSW and concealing from MSW's other principals that Mr. Hardwick was purporting to bind the firm as a surety for the loan from Mr. Pritchard. Based upon the allegations set forth in the Third Party Complaint, MSW asserted claims for contribution and indemnification, accounting malpractice and professional negligence, breach of fiduciary duties, fraud and breach of contract against the Third Party Defendants (collectively, the "Third Party Claims"). A copy of the Third Party Complaint is attached hereto as Exhibit C.

5.    On May 12, 2015, the Third Party Defendants filed an answer to the Third Party Complaint.

6.    On June 10, 2015, the Fulton County Superior Court entered an order and judgment on Mr. Pritchard's motion for partial summary judgment solely as to defendant MSW. Specifically, the Court granted judgment for Mr. Pritchard against MSW in the amount $2,616,454.19, including all outstanding principal, interest and fees, with interest and fees accruing at the rate of $1,134.24 per day. The deadline to appeal the judgment was July 9, 2015. On July 2, 2015, the Debtors filed a notice of appeal of the Court's June 10, 2015 Order. On July 6, 2015, MSW filed a suggestion of bankruptcy with the Fulton County Superior Court.

7.      In the meantime, the litigation of the Third Party Claims and Cross-Claims between and among MSW, Mr. Hardwick, Divot, and the Third Party Defendants continues. On the Petition Date, the Cross-Claims and Third Party Claims were in the midst of discovery. These Third Party Claims – and the attendant discovery - have been contentious. In addition, Mr. Hardwick seeks extensive discovery in connection with the Cross-Claims. Prior to the Petition Date, MSW, Mr. Hardwick, Divot and the Third Party Defendants each served discovery upon each other, and there has already been at least one discovery-related issue that has been brought before the Fulton County Superior Court. Meanwhile, written and deposition discovery is continuing and extensive document collection, review and production has been demanded by Mr. Hardwick, Divot, and the Third Party Defendants.

8.      The electronic discovery demands made by Mr. Hardwick, Divot, and the Third Party Defendants are extensive. Specifically, on or about June 24, 2015, MSW and the Third-Party Defendants conducted a discovery conference with respect to a protocol for electronic discovery for which the Third Party Defendants provided to the Debtors a list of approximately 224 proposed search terms (and all of the derivations therefrom) from 6 custodians. Additionally, the Third Party Defendants also seeks documents from every current and former employee at MSW which include an additional 12 search terms and all derivations therefrom. All told, MSW estimates that the documents requested by the Third Party Defendants will require 13.5 TB of data[3] to be filtered down, with 20% of that amount to be processed and

---

[3] To put that into context, NASA estimates that the Hubble Space Telescope archive from its launch in 1990 "contains more than 100 Terabytes, and Hubble science data processing generates about 10 Terabytes of new archive data per year." http://www.nasa.gov/mission_pages/hubble/story/index.html. In other words, the amount of data to be filtered from the searches of the Debtors' computers is more than a year of new archive data from the Hubble Space Telescope, and the amount of data to be processed and hosted as part of the Third Party Defendants' discovery request is estimated to be 2.7 TB of data, which is approximately four months of new Hubble archive data. Unfortunately, the Debtors do not have NASA's budget.

hosted. Between June 24 and July 1, 2015, the Debtors obtained proposals from four vendors for the collection and the hosting of the requested electronic data. The estimates received by MSW by the vendors were (i) $1,011,609.60; (ii) between $877,500 and $889,885; (iii) between $4,060,000 and $6,930,000; and (iv) $950,060. A copy of Mr. Holley's letter to counsel for the Third Party Defendants, and the request for terms to be search from each custodian is attached hereto as <u>Exhibit D</u>.

9.  In addition, Mr. Hardwick served 42 requests for production of documents on MSW, purporting to demand broad production of documents and defining the "Relevant Period" as January 1, 2009 to the present. On July 7, 2015, after attempting unsuccessfully to obtain an extension of time to serve written responses to Mr. Hardwick's document requests, MSW served objections and written responses to Mr. Hardwick's requests in an abundance of caution to preserve the objections belonging to debtor MSW.

10. Most immediately, the depositions for Fredrick Boynton and Bobbie Christian (two former employees of MSW) are scheduled to be held on July 14, 2015 at 10:00 a.m., and 11:30 a.m., respectively.

**B.     The Debtors' Postpetition Efforts**

11. Since filing their Petitions, the Debtors have, among other things, been required to address Mr. Pritchard's postpetition garnishment of all assets in the Debtors' bank accounts at Sun Trust Bank,[4] prepare for and attend the "first day" hearings before this Court, and finalize orders after the "first day" hearing. Additionally, the Debtors have conferred with counsel for Amegy Bank, counsel for Atlantic Bonding Company, counsel for Alex Cooper Auctioneers, and counsel for Michael Moekler, the Assignee for Butler & Hosch, P.A (the "<u>Assignee</u>"), to attempt

---

[4]     The garnishment has since been lifted and the funds from the operating accounts unfrozen.

6

to schedule a meeting to discuss a process toward resolution of the issue of ownership of approximately $1.45 mil. currently held in trust. Additionally, the Debtors are attempting to work with Fidelity National Title Company to resolve a significant number of issues that require prompt attention.

12. Even after the immediate flurry of activity following the bankruptcy filing, the Debtors are aware that the immediate schedule of the Debtors' managers and other remaining employees is full. Specifically, in addition to meeting with Amegy Bank, Atlantic Bonding, Alex Cooper Auctioneers, for Michael Moekler, the Assignee, and Fidelity National Title Company, the Debtors have other immediate obligations. The Debtors have to prepare for and attend the initial debtor interview with the United States Trustee that is scheduled for July 13, 2015. The Debtors are attempting to work to ensure that all client files have been removed from the leaseholds that they are currently seeking to reject and transfer such files as directed by the clients. The Debtors also need to continue prepare their creditor matrix and their schedules and statements of financial affairs, and they need to prepare for and attend an initial debtor interview, meeting of the creditors, and the omnibus hearing scheduled before this Court on July 31, 2015. The Debtors also anticipate that a creditors committee will be appointed, and the committee will want to meet with the Debtors' managers to learn the underlying facts of this case and get an idea of the bigger picture in these cases.

13. As more fully set forth in the Wittstadt Declaration, as of the Petition Date, the Debtors have just 36 employees including 5 attorneys and 31 staff members. Accordingly, while the Debtors feel fortunate that the remaining personnel have worked tirelessly to assist the Debtors in preparing for the filing of the petitions, the Debtors realize that there filing of the

bankruptcy petitions was not the end, but the beginning of a process that will require an "all hands" effort, including Mark and Rod Wittstadt, in particular.

14.     With all of that in mind, on two instances, William Holley ("Mr. Holley"), counsel for the Debtors in the Pritchard Litigation, twice reached out to all counsel in the Pritchard Litigation requesting a consensual stay of all activity in connection with the estates' Third Party Claims. Specifically, on Tuesday, July 7, 2015, Mr. Holley informed all counsel in the Pritchard Litigation that MSW filed a petition for relief under Chapter 11 of title 11 in the United States Bankruptcy Court for the Eastern District of Virginia (Richmond Division), and proposed that, "to avoid any misunderstanding, conserve expense, and provide certainty to the state court, . . . the parties file a written stipulation in the case informing the court as to the application of the stay to the litigation unless and until the Bankruptcy Court orders otherwise. If this is acceptable, we will prepare and circulate a proposed stipulation for your consideration, execution and filing." The only response that Mr. Holley received to his July 7 email was from Mr. Lefkow, counsel for Mr. Adams and the Alliance, who stated that his clients would not agree to stipulate to a stay.

15.     On Wednesday, July 8, 2015, Mr. Holley again inquired whether the parties would agree to a stay of this matter for 60 days. In his July 8 email, Mr. Holley, specifically informed the parties that the Debtors have immediate obligations in these bankruptcy cases and that are occupying significant resources, including participating in an interview with the Office of the United States Trustee (which is scheduled for July 13), and meeting with certain of the bankruptcy estates' creditor constituencies to address issues of immediate importance to the estates and their creditors. Copies of Mr. Holley's July 7 and July 8, 2015 emails are attached hereto as Exhibit E.

## COUNT I - CLAIM FOR INJUNCTIVE RELIEF

16. Allegations asserted in paragraph 1 – 15 are incorporated as if set forth herein.

17. In the Pritchard Action MSW has asserted the Cross-Claims against Mr. Hardwick and Divot (the "Cross-Claim Defendants") and MSW has asserted the Third Party Claims against Mr. Adams and The Alliance (the Third Party Defendants").

18. The Cross-Claims and Third Party Claims are assets of MSW's bankruptcy estate.

19. The claims asserted by Mr. Pritchard against MSW and the Cross-Claims and Third Party Claims are all interrelated and are based upon a common nucleus of operative facts

20. Mr. Pritchard, the Cross-Claim Defendants, and the Third Party Defendants have each sought discovery from MSW in the Pritchard Action, including depositions, written discovery, and electronic discovery.

21. Among other things, Mr. Hardwick has sought information from MSW which, if read literally, would include every document related to every foreclosure and real estate transaction by MSW in the last six and a half years.

22. Mr. Hardwick has made demand for documents relating to every transfer to the sole member of MSW, the four managers of MSW, LandCastle Title LLC, and two of the Debtors' former employees during the last six and a half years.

23. Mr. Pritchard, the Cross-Claim Defendants, and the Third Party Defendants have issued notices of deposition which include, in the aggregate, 112 topics.

24. Mr. Adams has issued a subpoena for deposition for Fred Boynton, a former attorney at MSW, and Bobbie Christian, a former employee of MSW which are scheduled for July 14, 2015.

25. In the subpoenas issued to Mr. Boynton and Ms. Christian, Mr. Adams sought the production of privileged documents.

26. The subject matters of the subpoenas to Mr. Boynton and Ms. Christian relate to allegations against Mark Wittstadt, one of the managers of MSW.

27. Counsel for Mr. Pritchard, the Cross-Claim Defendants, and the Third Party Defendants will each be in attendance at the depositions and have an opportunity to ask questions of Mr. Boynton and Ms. Christian.

28. Allowing the discovery in the Pritchard Action to go forward would cause significant and immediate hardship to MSW because it would require that MSW devote significant resources to the Pritchard Action at a time when it cannot afford the significant time or money necessary to respond to the discovery.

29. Delaying all discovery in the Pritchard Action would not cause prejudice or cause any hardship to the Cross-Claim Defendants or the Third Party Defendants.

WHEREFORE, Morris | Schneider | Wittstadt Va., PLLC respectfully requests that the Court enter an order, a copy of which is attached hereto, granting a temporary restraining order and, thereafter, temporary and permanent injunctions against the continuation of the Civil Action by the Defendants or any of them and that the Court grant Morris | Schneider | Wittstadt, LLC such other relief as it may deem appropriate.

Dated: July 13, 2015        By:    /s/ Jennifer M. McLemore
                                   Augustus C. Epps, Jr., Esquire (VSB No. 13254)
                                   Jennifer M. McLemore, Esquire (VSB No. 47164)
                                   Margaret X. Yang, Esquire (VSB No. 88596)
                                   CHRISTIAN & BARTON, LLP
                                   909 East Main Street, Suite 1200
                                   Richmond, Virginia 23219-3095
                                   Telephone: (804) 697-4100
                                   Facsimile: (804) 697-6112

-and-

Jeffrey R. Waxman, Esquire (*admitted pro hac vice*)
Eric J. Monzo, Esquire (*admitted pro hac vice*)
MORRIS JAMES LLP
500 Delaware Avenue, Suite 1500
Wilmington, Delaware 19801
Telephone: (302) 888-6800
Facsimile: (302) 571-1750

Proposed Counsel to Debtors and
Debtors-in-Possession

**VERIFICATION**

I, Mark H. Wittstadt, on behalf of the Morris | Schneider | Wittstadt, LLC, being duly authorized to do so, have read the foregoing Verified Complaint for a Preliminary and Final Injunctions and affirm under penalty of perjury that the factual allegations contained therein are true and correct to the best of my knowledge, information and belief.

Dated July 13, 2015

/s/ Mark H. Wittstadt
Mark H. Wittstadt, Executive Managing Partner of
Morris | Schneider | Wittstadt, LLC

1786078